UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY R. CHEATHAM, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:21-cv-02344 |
| AFNI, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Gregory R. Cheatham ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of Afni, Inc. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff lives in the Southern District of Indiana, Defendant conducts business in the Southern District of Indiana, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Southern District of Indiana.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Defendant is debt collector within the meaning of 15 U.S.C. § 1692a(6), in that it uses postal mail, an instrumentality of interstate commerce for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Defendant maintains its principal place of business located at 404 Brock Dr, Bloomington, Illinois 61701.

### FACTS SUPPORTING CAUSE OF ACTION

8. Prior to events giving rise, Plaintiff incurred a personal debt for $480.41 ("subject debt") from Comcast.

9. Due to financial hardship, Plaintiff was unable to make timely payments and defaulted on the subject debt.

10. Sometime thereafter, Defendant was assigned the right to collect on the subject debt after Plaintiff's default.

11. On May 21, 2021, after acquiring the subject debt, Defendant contacted Plaintiff about the subject debt via written correspondence.

12. However, rather than preparing and mailing a collection letter on its own, Defendant sent information regarding Plaintiff and the subject debt to a commercial mail house in or around Concord, California ("mail house").

13. Defendant disclosed to the mail house:

    a. Plaintiff's status as a debtor;

    b. the subject debt amount;

    c. the Plaintiff's address; and

      d. other highly personal and confidential pieces of information.

14. The mail house then populated some or all of this information into a pre-written template, printed, and mailed the letter from California to Plaintiff's residence in Indiana.

15. Additionally, there were bar codes listed on the envelope.

16. The information regarding the barcodes and PO Box were visible through the window of the envelope.

17. Upon information and belief, the address belongs to the third-party vendor that prepared and mailed Defendant's Letter.

18. By hiring a third-party vendor to issue Defendant's Letter, Defendant unlawfully disclosed to the third-party that Plaintiff allegedly owed the subject debt.

19. Information regarding Plaintiff and the subject debt, including the fact that Plaintiff allegedly owed the subject debt was disclosed.

20. Furthermore, the barcode belongs to Defendant and or Defendant's third-party vendor, and with its placement visible through envelope, it violated Plaintiff's privacy rights.

21. Privacy about one's financial affairs are considered of the upmost importance to people.

## DAMAGES

22. The FDCPA defines "communication" at 15 U.S.C. §1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

23. The sending of an electronic file containing information about Plaintiff's subject debt to a mail house is therefore a communication.

24. Defendant's communication to the mail house was in connection with the collection of the subject debt since it involved disclosure of the subject debt to a third-party with the objective being communication with and motivation of the consumer to pay the subject debt.

25. Plaintiff never consented to having his personal and confidential information, concerning the subject debt, or otherwise be shared with anyone else.

26. In limiting disclosure to third parties, the FDCPA states, at 15 U.S.C. §1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (Emphasis added).

27. The mail house used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

28. Due to Defendant's communication to this mail house, information about Plaintiff, included names, addresses, and the amount that was due were all within the possession of an unauthorized third-party.

29. If a debt collector "conveys information regarding the debt to a third party informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

30. Defendant unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

31. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third-party has on consumers.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

34. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

35. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent medical accounts allegedly owed to a third party.

36. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

37. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

38. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

39. Defendant violated 15 U.S.C. §§1692c(b), f and f(8) through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

40. Defendant violated §1692c(b) when it disclosed private and confidential information about Plaintiff's medical subject debt to the employees and agents of an unauthorized third-party mail house in connection with the collection of the subject debt.

    b. **Violations of FDCPA § 1692f**

41. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of the subject debt by knowingly disclosing personal and confidential information about Plaintiff, to unauthorized third-party not expressly authorized under the FDCPA.

42. Section § 1692f(8) of the FDCPA specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communication with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

43. The use of barcode symbol violates 1692f(8) of the FDCPA as a matter of law because that section prohibits a debt collector from using any language other than the debt collector's address, on any envelope when communicating with a consumer.

44. Defendant's conduct renders it liable for the above-stated violations of the FDCPA, and Plaintiff is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

45. Defendant intentionally made these communications to gain an advantage over other debt collectors and generate additional profits.

46. By its conduct, Defendant is liable under the FDCPA for statutory damages up to $1,000 and other compensation.

**WHEREFORE**, Plaintiff GREGORY R. CHEATMAN respectfully requests that this Honorable Court:
  a. Statutory damages of $1,000.00, pursuant to §1692k(a)(2)(A);
  b. Enjoin Defendant from further communicating with Plaintiff;
  c. Actual damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);
  d. Reasonable costs & attorneys' fees under to U.S.C. §1692k(a)(3); and
  e. Such other relief that this Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: August 26, 2021                                              Respectfully Submitted,


                                                                                            /s/ Omar T. Sulaiman  
                                                                                            Omar T. Sulaiman, Esq.  
                                                                                            *Counsel for Plaintiff*  
                                                                                            Sulaiman Law Group, Ltd  
                                                                                            2500 South Highland Avenue  
                                                                                            Suite 200  
                                                                                            Lombard, IL 60148  
                                                                                            Telephone: (630) 575-8181  
                                                                                            osulaiman@sulaimanlaw.com